STATE, ex rel. *v.* BOARD OF SUPERVISORS.

In Banc. April 24, 1950.

No. 37603 (46 So. (2d) 73)

Gerald Chatham, and Caldwell & Caldwell, for appellant.

Kermit R. Cofer and **Stone & Stone,** for appellee.

**Per Curiam.**

This is a mandamus proceeding to require the Supervisors of Yalobusha County, Mississippi, to levy a tax of eight mills on each dollar of taxable property located in that part of Enid Consolidated School District situated in said county. The Board of Supervisors moved to dismiss the petition on the grounds (1) the remedy of petitioners was by appeal from the refusal of the supervisors to levy the tax; and (2) that the District Attorney, in whose name the petition was filed, had no authority to institute and maintain the proceeding. The trial judge sustained the motion and dismissed the petition; hence this appeal.

On the first proposition, appellee Board says mandamus will not lie, first, because the petitioners had an adequate and full remedy by appeal, and, second, the action of the Board involved the exercise of discretion, or a quasi judicial function.

 ██ As to the remedy, Section 1109, Code 1942, provides that mandamus may issue ". . . where there is not a plain, adequate, and speedy remedy in the ordinary course of law." It is true that appeals lie from the action of the supervisors in levying, or refusing to levy, taxes, Sections 1195 and 1196, Code 1942, yet we do not think that procedure in this case would have been a "speedy" remedy. The supervisors of Yalobusha County took no action to levy taxes at the October 1949 meeting. Conceding, but not deciding, that this non-action constituted ground for appeal to the circuit court, we judicially know that the next term of the circuit court for the second judicial district of that county was the second Monday of January, and that for the second district was the fourth Monday in January. The levy of this tax was an urgent matter, and had it been heard on appeal to the circuit court six months could have elapsed after such hearing before the appeal had to be perfected. The mandamus hearing was heard in vacation in October 1949, and under that procedure we have reached it on the Supreme Court docket as quickly as proper procedure permits. This element of speed, or delay, we think justifies the mandamus proceeding under the circumstances.

 ██ Next, it is said the levy, or nonlevy, of the tax was a matter of discretion with the Board. Under the state of this record, we do not think the supervisors had any discretion in the matter. Enid Consolidated School District, embracing lands in both Tallahatchie and Yalobusha Counties, was legally created as a line school in 1916. On November 5, 1929, the supervisors of Yalobusha County adopted an order reciting that a petition signed by a majority of the qualified electors of the

district had been presented to the Board praying for a tax levy of eight mills on the dollar against the taxable property in the district to supplement the county funds in the operation of the school, extension of the term, improvements of school property, etc. It then adjudged and ordered "that a levy of eight mills be made annually on all property in the said Enid Consolidated School District in Yalobusha County, Mississippi, for the purpose set forth above, which levy shall be made at the time and in the manner as county levies are made and such taxes shall be collected as other county taxes are collected." The order expressly adjudicated the petition was filed under Chapter 283, Laws of Mississippi 1924. That Chapter, in Section 104 thereof, provides "When the amount of the required tax shall once be fixed, it shall remain the same for each successive year or as long as the district is maintained, unless changed by a petition of the majority of the qualified electors of the district." The quoted provision was brought forward, and now appears, as a part of Section 6519, Miss. Code 1942. The Board of Supervisors of Yalobusha County imposed the same yearly tax from 1929 to the time of its failure to do so in October, 1949, without further petition from the electors of the district. The law, as is seen, expressly made it the duty of the board to do that unless changed upon petition of a majority of the qualified electors of the district. No such petition has been filed.

It will be noted that the tax having been once fixed, as was done here, it is the duty of the supervisors to levy the tax annually thereafter until a majority of the electors of the district petition otherwise, "or as long as the district is maintained". The supervisors here say that the district is not now being maintained because, at a special meeting of the County School Board of Yalobusha County held August 6, 1949, that board undertook, by order, to detach from the Enid Consolidated Line School District and attach to the Oakland Special Consolidated School District, all of the territory lying in

Yalobusha County theretofore a part of the Enid School District. This was done upon petition of a majority of the electors of that territory and of the Oakland District. No action was taken on such petition by the Board of Education of Tallahatchie County. The petition of the electors in the Enid District lying in Yalobusha County stated it was filed under Section 6274 (d), whereas the order of the supervisors seems to have followed subsection (e) of said section. ██ ██ In any event, additions to, deductions from, and abolishment of, line school districts are to be made, not by the board of education of one county, but of such boards of both counties. The action here, taken alone by the Board of Education of Yalobusha County, was ineffectual. Sections 6274 and 6275, Miss. Code 1942.

██ ██ The district attorney had the power and right to institute this proceeding. Section 1109, Code 1942.

It follows that it was the duty of the Supervisors of Yalobusha County to levy a tax of eight mills against the taxable property of the Enid School District lying in Yalobusha County for the year 1949. The mandamus will issue here directing that to be done.

Reversed and so ordered.